RICHARD D. HALL AND OTHERS, *vs.* LUTHER D. JONES AND OTHERS.—LUTHER D. JONES AND OTHERS, *vs.* RICHARD D. HALL AND OTHERS.

RATIFICATION BY INFANTS ON ARRIVING AT AGE, OF SALE MADE ON THEIR BEHALF.—Where a father, on behalf of himself and his minor children, makes a contract of sale of land, which the children on arriving at age ratify, such ratification by the children relates back to the date of the sale, and has the same effect as if they had been of full age, and were parties to the contract of sale made by their father, and will enure to the benefit of the party entitled under the original vendee.

VENDOR'S LIEN.—From the time of making a contract for the sale of land, and until payment, the vendor has a mere lien on the land for the purchase money. The interest of the vendor in such contract is not real estate, but only personal estate; and in case of the vendor's death, the unpaid purchase money is treated as only personal estate, and goes, not to his heirs but to his personal representatives.

————: EXTINGUISHMENT OF LIEN: SUBROGATION.—If the vendor, instead of pursuing his remedy in equity, prosecutes an action at law against the vendee and his surety, on a note given by them for the purchase money, obtains a judgment, levies an execution on the vendee's equitable estate, sells the same under the execution, and the surety becomes the purchaser under this judicial sale, the vendor's lien is thereby extinguished, and such surety buys like any other purchaser, upon the principle of *caveat emptor,* subject to any outstanding judgment or lien existing against the original vendee, and this extinguishment of the vendor's lien entirely excludes the surety's right of subrogation.

If the purchase thus made be under an execution upon a junior judgment, and subsequently execution upon a senior judgment is issued, and under it the equitable interest of the original vendee is again sold, the purchaser will acquire a superior title to that of the purchaser under the junior judgment.

CROSS-APPEALS from the Equity side of the Circuit Court for Prince George's County :

*Bill in Equity* filed by Jones and others against Hall and others, November 9th, 1857. These appeals are taken from an order of the Court below, (CRAIN, J.,) passed June 9th, 1860: the appeal of Hall and others from that part of the decree directing a conveyance of the legal title to the land in question to the complainants; and the appeal of the complainants from so much of said decree as dismissed said

bill as to Richard H. Hall. The facts of this case are further stated in the opinion of this Court :

The cause was argued before BOWIE, C. J., BARTOL, GOLDSBOROUGH, and COCHRAN, J.

*Wm. H. Tuck* and *C. C. Magruder*, for Richard D. Hall, argued :

1st. That equitable estates in land are affected by judgments according to priority, and that a purchaser under the first of such liens takes the entire interest of the defendant in the judgment, as against him, and all persons claiming by title subsequent, consequently when Jones purchased under Isaac's judgment, Jacob T. Hall had no interest that could pass under such sale. As between these parties the judgment had merged the cause of action, the defendant's interest had vested in a purchaser without notice, and Jones stood in no better condition than any other person purchasing under the junior judgment. 1810, ch. 160, sec. 1, 2. *Pratt vs. Vanwyck*, 6 *G. & J.*, 495. *Richardson vs. Stillenger*, 12 *G. & J.*, 477, 483. *Gilman vs. Brown*, 1 *Mason*, 192, 221. *Alderson vs. Ames*, 6 *Md. Rep.*, 52. *Miller vs. Allison*, 8 *G. & J.*, 35.

2nd. That the complainant's claim, as assignee of the vendor's lien, cannot be maintained, whether based on his purchase at the sheriff's sale, or as surety of Jacob T. Hall, the vendee.

The lien had never been assigned, in point of fact, and cannot pass by implication. Jones did not pay the purchase money and take an assignment of the bond and lien, nor did his purchase clothe him with the rights of assignee in equity. He bought what he supposed to be J. T. Hall's land, and paid for it, not as surety on the bond and judgment, but as purchaser at the sheriff's sale. *Jackson vs. Hallock*, 1 *Ohio*, 318. *Ragan vs. Schnebly & Lewis*, 7 *G. & J.*, 120. *Watson vs. Bane*, 7 *Md. Rep.*, 117. *Alderson vs. Ames*, 6 *Md. Rep.*, 52. *Dixon vs. Dixon*, 1 *Md. Ch.*

*Dec.*, 220, 271. *Hayden vs. Stewart*, 4 *Md. Ch. Dec.*, 280. *Welch vs. Parran*, 2 *Gill*, 320.

3rd. That the vendor cannot, nor can an assignee, proceed against the land in equity, until he has first exhausted his remedies at law. Here Isaac must have proceeded on the bond of Hall and Jones,—and Jones claiming to stand in his place as assignee, must first sue Jacob T. Hall, at law. There is nothing to shew that he was not able to pay this debt. *Pratt vs. Vanwyck*, 6 *G. & J.*, 495. *Richardson vs. Stillinger*, 12 *G. & J.*, 477. *Eyler vs. Crabbs*, 2 *Md. Rep.*, 137, 154. And it makes no difference whether the vendor has parted with the title or not. *Hall vs. Maccubbin*, 6 *G. & J.*, 107. *Richardson vs. Jones*, 3 *G. & J.*, 163, 187.

4th. If, by virtue of this purchase, Jones acquired a right, he cannot claim the land in satisfaction. Isaac, the vendor, could not have made any such claim, and his assignee cannot occupy a better position towards the original vendee himself, much less against a purchaser without notice. He should have proceeded in such manner as to have afforded the appellee an opportunity to pay off the incumbrance and retain the land. The most that a vendor or his assignee can claim, is a sale of the land to satisfy the balance due. This relief, however, cannot be granted on the present bill, because there is no averment, or special or general prayer, to warrant such decree. *Adams Eq.*, 128. *Elysville Co. vs. Okisko Co.*, 5 *Md. Rep.*, 152. *Mundorff vs. Kilbourn*, 4 *Md. Rep.*, 459. *Walsh vs. Smyth*, 3 *Bland*, 1.

5th. That the form of the agreement and the bond, shew that the parties contracted with reference to a security other than the land, and where such is the case, the vendor's lien is waived. Parol proof cannot be received to explain or vary the import of the contract as shewn by these papers, and all such evidence being excepted to, must be rejected. *Adams' Eq.*, 128 n, note 341, *top.* *Hall vs. Maccubbin*, 6 *G. & J.*, 107. 2 *Story's Eq.*, 470, 479, &c. *Brown vs.*

56     v. 21

*Gilman,* 1 *Mason,* 212. *Affirmed in* 4 *Wheat.,* 290. *Leading Cases in Equity,* 243, 244. *Young vs. Mackall,* 4 *Md. Rep.,* 362. *Newcomer vs. Kline,* 11 *G. & J.,* 457. *Worthing vs. Bullett,* 6 *Md. Rep.,* 172. *Richardson vs. Ridgely,* 8 *G. & J.,* 89. *Cross vs. Cohen,* 3 *Gill,* 258. Act of 1810, ch. 160. *Miller vs. Allison,* 8 *G. & J.,* 35.

6th. That the bill ought to have been dismissed as against all the defendants. But a decree for a deed to the complainants having been passed and the deed executed, that decree should be reversed, and the deed declared to be vacated, and another directed to be executed to the appellee, or the cause should be remanded with such directions to the Court below.

Upon the appeal of the complainant, Richard D. Hall, we contend:

That the predicament of the parties was not such, as to authorize a Court of Equity to remove him from the possession of the land. He was in by a superior title, subject to which Jones had purchased, and under such circumstances equity will not interfere. *Crook vs. Brown,* 11 *Md. Rep.,* 158.

*Thomas G. Pratt* and *Daniel Clarke,* for Luther D. Jones and others, argued:

1. That Joseph J. Jones having been the surety upon the bond given by Jacob T. Hall for the purchase money of the real estate sold him by Joseph Isaac, and having purchased under the execution issued upon the judgment obtained by Joseph Isaac against Jacob T. Hall and the said Joseph J. Jones, upon the said bond given for the purchase money, and paid the purchase money to Joseph Isaac the vendor, the said payment operated as an assignment of the said judgment, and he became thereby entitled by substitution to the benefits of the vendor's lien, and said vendor's lien or equitable title thereby acquired, and which vested in the complainants, is paramount and superior to the equitable title of Richard D. Hall, who under the exe-

cution issued upon the judgment of William H. Tuck, administrator of *Slater vs. Jacob T. Hall*, acquired only the equitable title of Jacob T. Hall the vendee. *Magruder vs. Peter*, 11 *G. & J.*, 245. *Hollingsworth vs. Floyd*, 2 *H. & G.*, 87. *Creager vs. Brengle*, 5 *H. & J.*, 234. *Ghiselin vs. Fergusson*, 4 *H. & J.*, 522. *Hampson vs. Edelin*, 2 *H. & J.*, 46. *Hopkins vs. Stump*, 2 *H. & J.*, 301. *Welsh vs. Parran*, 2 *Gill*, 320. *Ringgold vs. Bryan*, 3 *Md. Ch. Dec.*, 488. *Repp vs. Repp*, 12 *G. & J.*, 341. *Campbell vs. Lowe*, 9 *Md. Rep.*, 500. *Martin vs. Martin*, 7 *Md. Rep.*, 368. *Grove vs. Brien*, 1 *Md. Rep.*, 438. *Burk vs. Chrisman*, 3 *B. Munroe*, 50.

2. That the paramount equitable title to the said real estate being in the complainants, and the legal title in the Isaacs, the children of Joseph Isaac, who are now of full age, having ratified the sale made by their father, and consented to execute a deed for the said real estate to whomever may be entitled to receive it, this Court properly decreed the execution of the conveyance in fee of the said real estate to the complainants. *Sanders vs. Sampson*, 2 *H. & J.*, 81. *Hampson vs. Edelin*, 2 *H. & J.*, 64. *Haffner vs. Dickson*, 2 *H. & J.*, 46. *Ford vs. Philpot*, 5 *H. & J.*, 316. *Graham vs. Graham*, 6 *H. & J.*, 229.

3. That the complainants had no remedy at law while the outstanding legal title was in Joseph Isaac and his children, and hence this Court properly entertained jurisdiction in the case, to grant them equitable relief, by decreeing a conveyance of the legal estate in fee to them. *Ford vs. Philpot*, 5 *H. & J.*, 316. *Carroll vs. Norwood*, 5 *H. & J.*, 155. Act of 1825, ch. 103.

4. That Joseph Isaac, the vendor, never having parted with the legal title, the purchase of Joseph J. Jones, under the judgment for the purchase money due the vendor, will have priority over the purchaser under any other judgment obtained against the vendee, and consequently, the Court was right in passing the decree. 2 *Story's Eq. Jur.*, sec. 1216, note 4, secs. 1219, 1225, 1228. *Finch vs. Earl of*

*Winchelsea,* 1 *P. W.,* 278. *Mackreth vs. Symmons,* 15 *Ves.,*
345. 4 *Kent's Com.,* sec. 58, *p.* 154, (2nd Ed.) *Bayley vs.
Greenleaf,* 7 *Wheat.,* 56. *Aldridge vs. Dunn,* 7 *Black.,* 249,
250. *Green vs. Fowler & Leighton,* 11 *G. & J.,* 103.
*Wright vs. Woodland & Wife,* 10 *G. & J.,* 387. *Shirras
vs. Caig,* 7 *Cranch,* 34. *Fitz Simmons vs. Ogden,* 7 *Cranch,*
2. *Vattier vs. Hinde,* 7 *Peters,* 252. *Mackreth vs. Sym-
mons,* 1 *White & Tudor's Le. Ca.,* 220, 247, 251.

5. Upon the appeal prayed by the complainants in the
original bill against Richard D. Hall, but one question
arises, and that is, whether the Court below having enter-
tained jurisdiction and decreed a conveyance of the legal
estate, it can properly order the bill to be dismissed against
Richard D. Hall, and refuse to decree the possession to be
delivered to the complainants? It will be argued, that
the Court below having rightfully entertained jurisdiction
of the cause, and extended to the complainants equitable re-
lief by decreeing a conveyance of the legal title, the decree
should have gone further, and given them full relief by or-
dering the possession of the said real estate to be given
them by the said Richard D. Hall, without forcing them
to go to a Court of law there to litigate their rights. *Ford
vs. Philpot,* 5 *H. & J.,* 316. *Tongue vs. Morton,* 6 *H. &
J.,* 21. *Whiting's Heirs vs. Taylor's Heirs,* 8 *Dana,* 409.
*Cathcart vs. Robinson,* 5 *Peter,* 263. *Oldham vs. Jones,* 5
*B. Munroe,* 458. *Irvine vs. McRea,* 5 *Hump.,* 554.

GOLDSBOROUGH, J., delivered the opinion of this Court:

On the first of January 1843, Joseph Isaac one of the
defendants to the bill, filed in this case, sold to one Jacob
T. Hall the land in controversy for seven hundred dollars.
The land had descended in fee-simple to the children of
Isaac, as the heirs at law of their mother; he being tenant
by the curtesy. His children, with one exception, were
minors at the time of the sale. When Hall purchased, he
gave his note to Isaac for the $700, with Joseph J.
Jones as surety. The purchase money was to be paid in

their usual instalments. At the time when the first instalment became due, Hall paid it; failing to pay the others, Isaac brought suit on the note, and at April term 1848, of the County Court of Prince George's County, obtained judgment for the balance of the claim. An appeal was taken from this judgment, and it was affirmed by the Court of Appeals. A *fieri facias* was issued, by virtue of which, the equitable estate of Hall was taken in execution, and subsequently sold to Jones, Hall's surety, who paid the purchase money due on the execution.

At the time of the purchase made by Jacob Hall, Isaac gave to him a receipt for the $700, the instrument containing this receipt, purporting also to be a bond of conveyance though not under seal. By this paper writing, Isaac bound himself, his heirs, &c., to convey or cause to be conveyed by himself and his children, all their right and title to the land above mentioned, under the penalty of one thousand dollars.

Subsequently to the purchase by Jones from the sheriff, he died without obtaining a legal title from Isaac. And this bill was filed by the appellees, his heirs at law, to obtain this title. The children of Isaac having arrived at full age were made defendants, answered the bill, and expressed their willingness to convey the land as the Court might direct.

At the time when Isaac obtained his judgment against Jacob Hall and Joseph Jones in 1848, William H. Tuck, administrator of Sarah Slater, had an outstanding judgment rendered in 1846, against Jacob Hall; on this judgment execution was issued and levied on the equitable interest of Jacob Hall, and being offered for sale under Tuck's execution, it was purchased by Richard D. Hall, the appellant, and he took possession of the land.

In addition to the prayer of the complainants for a legal title, they also pray that Richard D. Hall, who was made a defendant, may be decreed to deliver to them the possession of the property. The Circuit Court passed a decree

directing Joseph Isaac and his children to execute a convey-
ance of the legal title to the complainants. From this por-
tion of the decree the appeal under consideration was taken.

The appellees claim the title to the property because
their father having been the surety of Jacob Hall, and hav-
ing become the purchaser of Hall's equitable estate under
the judgment and execution and sale of Hall's interest, had
paid to Isaac, the vendor, the balance of the purchase
money. The appellant Richard D. Hall claims it because
the purchaser, Jacob Hall, had paid one-third of the pur-
chase money to Isaac, thereby creating, to that extent, such
an equitable estate as would be liable to execution under
the Act of 1810, ch. 160; and he, Richard, having pur-
chased the same under a *senior* judgment then outstanding
against Jacob Hall, Richard Hall alleges he is entitled to
hold the land by virtue of his purchase.

At the time of filing the bill, the children of Joseph
Isaac had arrived at full age, and being made defendants,
answered the bill, and say: "they are now, and have ever·
been ready and willing to execute a deed and convey the
land to such person or parties as your honorable Court
might direct, having determined to whom the title now
resting in your respondents of right belongs."

This confirmation of the sale made by Joseph Isaac, the
father, must be held to relate back to the sale to Jacob
Hall at the time he made the purchase, and in the disposi-
tion of this case, the ratification of the sale by the children
has the same effect as if they had been of full age and were
parties to the contract of sale made by their father, and
will enure to the benefit of the party now entitled under
the original vendee.

It is contended by the appellees that Isaac, the vendor,
did not waive his lien for the unpaid part of the purchase
money, conceding this, it is proper to consider what that lien
is. In the case of *Smith vs. Gage,* decided by the Supreme
Court of New York, and cited in 2 *Am. Law. Reg.,* (*new se-
ries,*) 438, it is said: "From the time of making a contract for
the sale of land, and until payment, the vendor has a mere

lien on the land for the purchase money; the interest of the vendor in such contract is not real estate, but only personal estate; and in case of the vendor's death, the unpaid purchase money is treated as only personal estate, and goes not to his heirs, but to his personal representatives."

If Isaac thus had a lien on the land for the purchase money or for such part thereof as remained unpaid, and instead of pursuing his remedy in equity, prosecuted an action at law against Jacob Hall and Jones his surety, on the note given by them, obtained a judgment, levied an execution on Jacob Hall's equitable estate, sold the same under the execution, and Jones became the purchaser under this judicial sale, the vendor's lien was thereby extinguished, and Jones bought, like any other purchaser, upon the principle of *caveat emptor*, subject to any outstanding judgment or lien existing against Jacob Hall. This extinguishment of the vendor's lien, entirely excludes Jones' right of subrogation, so earnestly pressed upon our consideration.

In the case of *Richardson vs. Stillinger*, 12 *G. & J.*, 477, this Court said: "Such a seizure and sale could only transfer the interest of the vendee, at the date of the judgment, or of the issuing or levy of the attachment, and would be subject to all judgments, liens or outstanding equities, existing against the vendee anterior to that time." The result therefore, is, that Jones or his heirs can claim only the legal title under a junior judgment and senior execution, while Richard D. Hall claims the same under a senior judgment though junior execution.

When therefore Jones suffered Isaac the vendor to enforce his judgment by execution and sale of Jacob Hall's interest and became the purchaser, he stood in no better condition than any other purchaser who should purchase subject to any prior lien binding on the land, and would be affected by the rule recognized in the case of *Miller vs. Allison & others*, 8 *G. & J.*, 35, where it is said: "Should a *fieri facias* on a junior judgment be levied on an equitable interest in the hands of the debtor, and subsequently a

*fieri facias* on a senior judgment comes to the hands of the sheriff, the senior judgment must first be satisfied." *Ex consequenti*, the purchaser under the senior judgment would be entitled to hold the land under his purchase in preference to the purchaser under the junior judgment. It follows that this Court must recognize the superior title of Richard D. Hall.

That portion of the decree which directs Joseph Isaac, and the other parties named therein, to convey to the complainants the legal title to the property involved in this suit, must be reversed and the bill dismissed, and this Court will sign a decree to that effect; also direct in the decree that the deed executed in conformity with the decree of the Circuit Court, be rescinded, and that Joseph Isaac and his children execute a deed conveying the legal title to said property to Richard D. Hall and his heirs.

The Circuit Court having decreed that the bill be dismissed as to Richard D. Hall, and the complainants having appealed from this portion of the decree, it follows from the reasons assigned by us in the case of *Richard D. Hall & others, vs. Luther D. Jones & others*, that this portion of the decree must be affirmed.

*Decree reversed in part and*
                 *affirmed in part, and bill dismissed.*

